**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:24-cv-00819-MR**

| | |
|---|---|
| LINDO NICKERSON, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | **ORDER** |
| ) | |
| FNU ANDERSON, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, [Docs. 1, 1-2, 1-3], filed under 42 U.S.C. § 1983, see 28 U.S.C. §§ 1915(e)(2) and 1915A, and Plaintiff's discovery request [Doc. 4]. Plaintiff is proceeding in forma pauperis in this matter. [Docs. 2, 5].

**I.   BACKGROUND**

Pro se Plaintiff ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at Orange Correctional Center in Hillsborough, North Carolina. On September 9, 2024, he filed this action pursuant to 42 U.S.C. § 1983, naming FNU Anderson and FNU Young, both identified as Sergeants at Gaston Correctional Center ("Gaston CC") in Dallas, North Carolina, as Defendants. [Doc. 1]. Plaintiff names them in their individual capacities only. [Id. at 2]. Plaintiff alleges as follows.

On October 17 and October 19, 2023, at Gaston CC, Inmate Whidbee, Plaintiff's bunkmate, asked Defendants Anderson and Young to move Whidbee to another bunk, but they refused. [Doc. 1 at 13; Doc. 1-3 at 1]. Plaintiff was unaware of any problem between himself and Whidbee. [Id.].

On the morning of November 7, 2023, Inmate Whidbee "took a master lock and put it in a sock and hit [Plaintiff] on the left side of [his] head" because Plaintiff hung a towel on the side of his bunk. [Doc. 1-3]. After Whidbee hit Plaintiff the first time, the lock came out of the sock and Whidbee ran into the hallway where "the officers" were sitting at a desk. When the officers saw "all the blood" on the Plaintiff, an officer grabbed the Plaintiff and Plaintiff "went to the floor." Whidbee "came around" and grabbed Plaintiff's t-shirt and "rib it." "[T]he officers" handcuffed the Plaintiff, put him in a chair in the hallway, and took pictures of his injury. [Id.].

Later that day, after returning from the hospital and while Plaintiff and Whidbee were in segregation, Inmate Whidbee told Plaintiff that he was a blood gang member, that he knew Plaintiff was a snitch, and, among other things, threatened Plaintiff's family and more harm to the Plaintiff. [Doc. 1-2].

Plaintiff claims that Defendants violated his rights under the Eighth Amendment. [Id. at 3]. Plaintiff claims he suffered a head injury. Plaintiff

seeks monetary relief, including punitive damages. [Id. at 5].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding pro se, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc.

Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law. See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166, 143 S.Ct. 1444 (2023).

The Eighth Amendment's Cruel and Unusual Punishments Clause imposes on prison officials a duty to protect prisoners from violence at the hands of other prisoners and other prison officials. See Farmer v. Brennan, 511 U.S. 825, 833 (1994). Still, not "every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victim's safety." Id. at 834. To state a claim against a prison official for failure to protect, an inmate must show: (1) "serious or significant physical or emotional injury," and (2) that prison officials exhibited deliberate indifference to inmate health or safety." De'Lonta v. Angelone, 330 F.3d 630, 634 (4th Cir. 2003) (internal quotation marks omitted). To be deliberately indifferent, a prison official must "know of and disregard an objectively serious … risk of harm." Id.

4

Taking Plaintiff's allegations as true and giving him the benefit of every reasonable inference, Plaintiff has nonetheless failed to state a claim under the Eighth Amendment based on the failure to protect. Plaintiff alleges only that Inmate Whidbee asked Defendants to move him (Whidbee) to another bunk and that Defendants refused. Plaintiff alleges that he was unaware of a problem between himself and Whidbee. [Doc. 1-3 at 1]. Significantly, Plaintiff does not allege that Defendants knew that there was an issue between Plaintiff and Whidbee, let alone any facts showing that they had knowledge of an objectively serious risk of harm to Plaintiff by his continued bunking with Whidbee. Because Plaintiff has failed to state a claim for relief, Plaintiff's Complaint fails initial review, and the Court will dismiss it without prejudice.

The Court, however, will allow Plaintiff to amend his Complaint to state a claim for relief, if the facts support such amendment.

Also pending is a discovery request filed by Plaintiff. [Doc. 4]. The Court will strike this improper filing. As Plaintiff was expressly advised in the Standing Order of Instructions, discovery requests are not filed with the Court. [See Standing Order, ¶ 7]. They should only be served on the opposing party and only after the Court enters its Pretrial Trial Order and Case Management Plan in this case.

**Plaintiff is cautioned to review the Order of Instructions, the Local Rules of this Court, and the Federal Rules of Civil Procedure before filing documents with this Court. Any future improper filings may be summarily dismissed and/or stricken from the record.**

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiff's Complaint fails initial review and will be dismissed without prejudice. The Court will allow Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to properly state a claim upon which relief can be granted in accordance with the terms of this Order. Any amended complaint will be subject to all timeliness and procedural requirements and will supersede the Complaint. Piecemeal amendment will not be permitted. Should Plaintiff fail to timely amend his Complaint in accordance with this Order, the Court will dismiss this action without prejudice.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's Complaint fails initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B) for Plaintiff's failure to state a claim for relief and shall be **DISMISSED WITHOUT PREJUDICE** in accordance with the terms of this Order.

6

Case 3:24-cv-00819-MR   Document 6   Filed 09/25/24   Page 6 of 7

**IT IS FURTHER ORDERED** that Plaintiff shall have thirty (30) days in which to amend his Complaint in accordance with the terms of this Order. If Plaintiff fails to so amend his Complaint, the matter will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's discovery request [Doc. 4] is **STRICKEN** from the record in this matter.

The Clerk is respectfully instructed to mail Plaintiff a blank prisoner § 1983 form.

**IT IS SO ORDERED**.

Signed: September 25, 2024

Martin Reidinger
Chief United States District Judge